**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30408 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-30041-PA-1 |
| v. | |
| CLIFFORD R. TRACY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted October 8, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Defendant Clifford Tracy appeals his conviction for violation of 36 C.F.R.

§§ 261.10(p) and 228.4(a)(3) (forbidding mining activities without approved plan

of operation). While we, like the district court, are sympathetic to Tracy's

frustration with the delay in processing his proposed plan of operation, we find no

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

basis to excuse Tracy's admitted violation of Forest Service regulations. Accordingly, we affirm.

Tracy admits to engaging in mining activities in the Rogue River-Siskiyou National Forest without an approved plan of operation. His defense is either that he was not required to have a plan of operation or that his conviction for mining without one is improper because the Forest Service's delay in processing his plan of operation deprived him of his property without due process of law. Even assuming *arguendo* that the delay did deprive him of his property right or "so unreasonably circumscribe[] [his mining] as to amount to a prohibition," *United States v. Weiss*, 642 F.2d 296, 299 (9th Cir. 1981), his argument still fails.

Tracy admits that there were administrative and judicial remedies available to him to address the delay, which he did not pursue. *See, e.g.*, 5 U.S.C. § 706 (providing reviewing court authority to "compel agency action unlawfully withheld or unreasonably delayed"). "In challenging a property deprivation [under the due process clause], the claimant must either avail himself of the remedies guaranteed by [federal] law or prove that the available remedies are inadequate." *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J. concurring); *see also United States v. Lowry*, 512 F.3d 1194, 1203 (9th Cir. 2008) (rejecting collateral attack on due process grounds of conviction for improper occupancy of land in a national

forest "[b]ecause Lowry declined to exercise her right to seek judicial review of the denial of her application").

The law does not look favorably on self-help remedies, like the one Tracy pursued. Tracy's proper remedy for what he perceived as an unreasonable delay was to seek a judicial or administrative remedy. Having failed to avail himself of the remedies available to him, he cannot now use the delay as a shield against this criminal prosecution.

**AFFIRMED.**